UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE HILL, III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-127 |
| | § | |
| JARROD J. HENRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 34). On May 1, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 39), recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. Defendants Jarrod Henry, Elias Carbajal and Abram Arroyos timely filed their Objections (D.E. 40) on May 8, 2012.

Defendants' first objection is that the Magistrate Judge erred in finding that there is a question of fact regarding Plaintiff's damages because the record negates the injuries "as *pled*." D.E. 40, p. 3 (emphasis Defendants'). The Court finds that the Magistrate Judge was correct because statements made at a Plaintiff's *Spears* hearing have the effect of supplementing both the pleadings and the evidence and the Plaintiff's claim is not limited to a particular discreet injury but to all injuries said to have occurred as a result of the complained-of conduct. *See generally*, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994);

*Grimon v. Collins*, 30 F.3d 1491, 1994 WL 398014, *1 (5th Cir. July 19, 1994) (*per curiam*; unpublished).  Moreover, as the Magistrate Judge correctly observed, injuries need not be severe in order to support an excessive force claim.  *See Wilkins v. Gaddy*, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (*per curiam*).  Defendants' first objection is OVERRULED.

Second, Defendants object that the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994) precludes entertaining fact findings that would conflict with the facts previously found to support a final disciplinary conviction.  The Supreme Court held:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487, 114 S.Ct. at 2372-73.  In *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), the Supreme Court clarified that *Heck* is not "implicated by a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence."  *See also, Mosley v. White*, No. 09-41091, 2010 WL 8497638, *4 (5th Cir. Dec. 13, 2010) (*per curiam*; unpublished).

Plaintiff has asked that his disciplinary case be reversed.  D.E. 1, p. 4.  This relief is barred by *Heck*.  However, injunctive relief and damages that the Plaintiff also seeks is

not barred by *Heck*. To so hold would require finding that the excessive force alleged is completely inconsistent with a finding that Plaintiff struck Defendant Henry. The two concepts are not mutually exclusive. Plaintiff's actions may have justified some application of force, without invalidating his cause of action if the force actually applied went beyond proper limits. *See Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (excessive force claim survived summary judgment where plaintiff was convicted of resisting arrest in the context of the same incident). Defendants' second objection is OVERRULED.

Defendants' third objection is that, properly applied, the *Heck* doctrine prevents any findings in favor of Plaintiff on the *Hudson* factors. *Hudson v. McMillian*, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Having overruled the Defendant's second objection pertaining to the application of the *Heck* doctrine, the Court finds that the Magistrate Judge's analysis of the *Hudson* factors is correct. Defendants' third objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendants' Motion for Summary Judgment (D.E. 34) is **GRANTED IN PART AND DENIED IN PART:**

- Plaintiff's claims against Defendants Jaqulyn Jameson and Michael Aleman are **DISMISSED**.

- Plaintiff's claims for reversal of Disciplinary Case # 20100187674 and the reversal of the sanctions awarded against him are **DISMISSED** as barred by the *Heck* doctrine.

- Plaintiff's excessive force claims against Defendants Jarrod Henry, Abram Arroyos, and Elias Carabajal are **ORDERED** to proceed to trial on the merits.

ORDERED this 18th day of June, 2012.

*[signature: Nelva Gonzales Ramos]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE